IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Clarence B. Jenkins, Jr., <br><br> Plaintiff, <br><br> v. <br><br> Andrew Saul, Commissioner of the Social Security Administration, <br><br> Defendant. | C/A No. 0:19-cv-00003-TLW <br><br><br><br> **Order** |

Plaintiff Clarence Burnett Jenkins, Jr. brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) to obtain judicial review of a final decision of the Defendant, Commissioner of Social Security (Commissioner), denying his claims for Disability Insurance Benefits. This matter is before the Court for review of the Report and Recommendation (Report) filed by United States Magistrate Judge Paige J. Gossett, to whom this case was previously assigned. In the Report, the Magistrate Judge recommends affirming the Commissioner's decision. ECF No. 32. Plaintiff filed objections to the Report, to which the Commissioner replied. ECF Nos. 34, 35. The Plaintiff then filed a reply to the Commissioner's reply. ECF No. 37. This matter is now ripe for disposition.

The Court is charged with conducting a *de novo* review of any portion of the Magistrate Judge's Report and Recommendation to which a specific objection is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636. In conducting this review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections…. The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for

1

>the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

*Wallace v. Housing Auth. of the City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

The Court has carefully reviewed the Report, the objections thereto, and all other relevant filings. In this case, Plaintiff alleges that he "suffers from a severe Traumatic Brain Injury (TBI) and Post-concussion syndrome from two separate impact to the head in close proximity to each other by hitting a metal table on February 10, 2013 at Amazon.com and again on August 4, 2015 by hitting a wooden suggestion box at Dorn VA Medical Center." ECF No. 1 at 1. The ALJ found that the Plaintiff did in fact suffer from Traumatic Brain Injury noting that the initial injury occurred in 2013 and he suffered neck pain, arm pain, numbness, and blurred vision. However, neurological examinations after the injury were negative for any contusions or identifiable harm and the Plaintiff returned to work the next day. The ALJ also found non-severe impairment of hiatal hernia which was controlled by medicine. The Plaintiff's daily activities include getting dressed, bathing, preparing microwave meals, and washing his own clothes. *Id.* at 7.

The ALJ found, based on a review of the medical evidence, primarily the opinion evidence, that the Plaintiff had the residual functional capacity to perform light work. In coming to this conclusion, the ALJ considered and adopted the opinion evidence of Dr. Abu-Ata, Dr. David E. Stickler, Dr. James H. Way, and Dr. Carol E. Benoit-Fischer. Based on the

Plaintiff's ability to perform light work, the vocational expert concluded that there are jobs in the national economy that he could perform, including Office Helper and Mailroom clerk. Therefore, the ALJ found that Plaintiff was "not disabled."

In the Report the Magistrate Judge found that "upon thorough review of the ALJ's decision and the record…that the ALJ's findings and conclusions are comfortably within the bounds of substantial evidence." ECF No. 32 at 10. The Magistrate Judge found that the Plaintiff "failed to demonstrate that the ALJ's decision is unsupported by substantial evidence or controlled by an error of law." *Id.* at 7. Rather, the Magistrate Judge found that the ALJ's decision "reflects careful consideration of the medical evidence, including the treatment notes and the imaging tests, as well as the opinion evidence of Jenkin's subjective reports." *Id.*

In his objections, filed *pro se*, Plaintiff argues that the Magistrate Judge was biased towards him. Defendant responds in their reply that this assertion is without merit. The defendant argues to the contrary, "the Magistrate Judge carefully reviewed the evidence, fully considered Plaintiff's argument that the ALJ erred in finding him not disabled, and found that the ALJ's decision was amply supported by substantial evidence." ECF No. 35 at 2. Additionally, the Defendant argues that because this argument was raised for the first time in the objections, that Plaintiff has waived this argument. The Plaintiff then filed a "reply" to the Defendant's Reply. In Plaintiff's additional filing, the Plaintiff states again, in a cursory fashion, that the Magistrate Judge is biased against him.

After careful consideration, the Court finds there is no evidence in the record to show bias on behalf of the Magistrate Judge other than bald assertions from the Plaintiff. The Magistrate Judge's analysis is based solely on the facts in the record and the Plaintiff points to no evidence of bias. The Plaintiff's disagreement with the Magistrate Judge appears to be

based solely on previous decisions. The Court accepts the analysis of the Magistrate Judge which concludes that there is substantial evidence to support the ALJ's decision to deny benefits. The role of this Court is to decide (1) whether the ALJ has supported his decision with substantial evidence, and (2) whether the conclusions reached by the Commissioner are legally correct. *Hays v. Sullivan*, 907 F.2d 1453 (4th Cir. 1990). The Court accepts the detailed analysis set forth in the Report of the Magistrate Judge.

For these reasons and those stated in the Report, it is hereby **ORDERED** that the Report, ECF No. 32, is **ACCEPTED**, and Plaintiff's objections, ECF No. 34, are **OVERRULED**. For the reasons articulated by the Magistrate Judge, the Commissioner's decision is hereby **AFFIRMED**.

**IT IS SO ORDERED**.

*s/* Terry L. Wooten_____
Senior United States District Judge

July 17, 2020
Columbia, South Carolina